**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Billy Edward PERKINS,
Defendant–Appellant.**

**No. 16733.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1991.

Mary K. Anderson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Chief Judge.

A jury found defendant Billy Perkins guilty of robbery in the second degree, § 569.030,[1] and he was sentenced, as a class X offender, to a term of 30 years. Defendant appeals.

Defendant's sole point is that the evidence is insufficient to support the verdict and that the trial court erred in ruling otherwise. Specifically, defendant contends "that the evidence presented at trial in no way established that defendant was one of the two individuals who robbed Agnes Hunt at her residence on the afternoon of March 11, 1989."

 In reviewing defendant's challenge to the sufficiency of the evidence, this court "is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Dulany*, 781 S.W.2d 52, 55[3] (Mo. banc 1989). This court "accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary." *Id.*

 "A person commits the crime of robbery in the second degree when he forcibly steals property." § 569.030.1. In addition to its formal parts and allegations of prior convictions, the information charged that "on or about the 11th day of March 1989, in the County of Greene, State of Missouri, the defendant forcibly stole one gold watch and one gold/diamond wedding ring set owned by Agnes Hunt."

Viewed favorably to the state, the evidence showed that on the afternoon of March 11, 1989, Agnes Hunt, an elderly woman described by another witness as "senile," was at her home at 736 South Glenn in Springfield. Two white men en-

tered her house, ransacked it, beat her, took from her wrist the gold watch described in the information, and removed forcibly from her left hand the wedding ring set also described in the information.

Mrs. Hunt, shortly after 5 p.m., went to the home of a neighbor, Ralph Bell, who called the police. Howard Vinson, another neighbor of Mrs. Hunt, saw a dirty, dark red, two-door "1970's model" automobile in her driveway. He had not seen it there before.

Kathleen Hunt, who lived with her mother Agnes, was at work when the robbery occurred. Arriving home at 6:30 p.m. on March 11, Kathleen found her mother in a state of shock. "She had been beaten and her watch and her rings were gone." Kathleen testified that her mother was wearing the watch and the rings earlier that day and that the rings would have been difficult to remove from her mother's ring finger. Her mother's ring finger showed signs of injury. The house itself had been ransacked, "stuff was all over the floor," and jewelry boxes had been turned upside down. The telephone line was cut.

About 10:50 p.m. on March 11, David Zuhlke, a Springfield police officer, stopped a vehicle occupied by Daren Perkins, defendant, and a woman. The vehicle was a Fairmont which Vinson later identified as the vehicle he had seen in the Hunt driveway. Defendant gave Zuhlke a false name. While Zuhlke was "inventorying" the vehicle, defendant ran from the scene.

Detective William Thomas of the Springfield Police Department investigated the robbery and obtained fingerprints from Mrs. Hunt's jewelry container which remained in the Hunt house after the robbery. Subsequent examination by a fingerprint expert disclosed defendant's fingerprints were on the jewelry container.

On March 12, Lowell Williamson, a Springfield police officer, found a 1978 Ford Fairmont which met the description of the vehicle which Vinson had seen. Officer Steve Hamilton drove Vinson around

1. All references to statutes are to RSMo 1986, V.A.M.S.

54

Springfield and showed him five vehicles, "all shades of red," one of which Vinson identified as the vehicle which he had seen in the Hunt driveway. The title to the Fairmont was in the name of Daren Perkins, who is defendant's brother.

On April 7, 1989, in execution of a search warrant, detective Thomas searched a house at 1427 North West Avenue. Defendant was found hiding in the house. Also found there were defendant's birth certificate and a brooch owned and identified by Kathleen Hunt as having been taken from the Hunt house at the time of the robbery.

Short of positive eyewitness identification, which Mrs. Hunt by reason of her senility was unable to supply, it is difficult to conceive more damning evidence. A few hours after the robbery defendant was apprehended as a passenger in a vehicle used by the two white male robbers. Defendant's fingerprints were found upon a box in the ransacked house of the victim. Defendant gave a false name to a police officer on the night of the robbery. Defendant fled during his initial apprehension and attempted to hide himself later when the place where he lived was being searched. At that place, items taken in the robbery were found. During the course of their assault on Agnes Hunt, the robbers forcibly stole from her the gold watch and the wedding ring set.

This court holds that the foregoing evidence was sufficient to support the conviction. Defendant's point has no merit.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.